**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 13, 2010[*]
Decided July 15, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1191

|  |  |
|---|---|
| TONY FORE , | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *Plaintiff-Appellant,* | |
| *v.* | No. 09-C-242 |
| LAKESIDE BUSES OF WISCONSIN, INCORPORATED, | Aaron E. Goodstein, *Magistrate Judge.* |
| *Defendant-Appellee,* | |

**O R D E R**

Tony Fore claims that he was fired from his position as a bus driver for Lakeside Buses of Wisconsin, Inc., because he is black. *See* 42 U.S.C. § 2000e-2(a)(1). The district court granted summary judgment in favor of Lakeside and we affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Lakeside Vice President Paul Kolo was monitoring company drivers when he saw a Lakeside bus accelerate through an intersection. He tailed the bus, and while following observed the driver commit a number of traffic violations, including driving too close to another bus, changing lanes without signaling, and speeding. After a dispatcher confirmed that the driver was Fore, Kolo filed a report with personnel director Mary Dotson.

Together Kolo and Dotson reviewed Fore's employment record, which revealed a history of performance problems. Fore's employment record reflected that he had served three suspensions in less than two years on the job and received notice that a fourth was pending. The conduct underlying the suspensions included failing to report an accident, running a route early, letting children off at an unauthorized stop, speeding, and poor attendance. Fore had been warned in writing that further violations could result in termination and that the company made firing decisions based on a cumulative review of an employee's work history. His records also showed four additional complaints about speeding, aside from the traffic violations that brought him to Kolo's attention in the first place. Fore admits serving only two suspensions; apart from those, he claims Lakeside did not inform him before firing him that he had violated company policy. Kolo and Dotson eventually fired Fore for "overall poor work history."

This lawsuit followed. A magistrate judge, presiding with the parties' consent, granted Lakeside's motion for summary judgment, concluding that Fore could not establish a prima facie case of discrimination under the indirect method of proof. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The court explained that Fore "utterly failed" to show that he had met the second prong of the prima facie case—meeting Lakeside's lawful employment expectations—and specifically rejected Fore's contention that Lakeside was lying about its legitimate expectations in order to set up a false rationale for firing him. Moreover, the court determined that Fore failed to meet the fourth prong of the prima facie case by presenting evidence that Lakeside treated a similarly situated employee of another race more favorably.

On appeal Fore reiterates that the district court improperly disregarded evidence of pretext in determining that he had not satisfied Lakeside's performance expectations. He points to the negative work history in his personnel file and suggests that it must be falsified or fabricated because it is *too* negative to be plausible. He argues, in short, that if the performance complaints were authentic, he would have been fired sooner.

In cases like this, where the question whether the employee was meeting the company's legitimate expectations merges with the question whether the company's reasons for the discharge are honest, we focus on the issue of pretext. *See Senske v. Sybase*,

*Inc.*, 588 F.3d 501, 506-07 (7th Cir. 2009); *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009). If Fore cannot prove pretext, he cannot show that he was meeting Lakeside's legitimate expectations. *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 822-23 (7th Cir. 2006).

The district court's analysis was sound. Fore has no evidence to substantiate his allegation that he was performing satisfactorily at the time he was fired. Lakeside, on the other hand, can point to Fore's checkered employment record, which documents a series of complaints and suspensions triggered by repeated incidents of poor performance. Given Lakeside's disciplinary policy, which allows the company to treat *any* post-suspension infraction as a terminable one, the district court was correct to conclude that Fore was not meeting Lakeside's legitimate expectations.

Fore insists that he was never disciplined after serving the second suspension and urges us to infer from this that any infraction recorded after his second suspension was phony. But even if we credited this assertion—one flatly contradicted by his employment record reflecting that he served three suspensions and received notice of a fourth—it would be unreasonable to infer from this that Lakeside fabricated the remaining complaints that led to no punishment. Lakeside's policy does not require that every infraction be met with a penalty, and the company may have had any number of legitimate reasons for withholding punishment. Fore's theory that the infractions went unpunished because they were manufactured is merely speculative and cannot create a genuine fact issue. *See Evans v. City of Chicago*, 434 F.3d 916, 933 (7th Cir. 2006); *Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003).

Fore's second argument is equally unavailing. He contends that the district court overlooked as potential evidence of pretext a remark Kolo made three weeks before he was fired. The remark— "It's not hard to hate Tony"—is hardly evidence that Lakeside lied about its reasons for firing Fore. And even if it were, it would not suggest that race was the motivating factor in his discharge, as is required to show pretext. *See Jones v. Union Pac. R.R. Co.*, 302 F.3d 735, 742 (7th Cir. 2002).

AFFIRMED.